DA 09-0038

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 352N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RANDALL KENT GOBBLE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-320
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joshua S. Van de Wetering; Van de Wetering Law Offices, P.C.;
Missoula, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

          Fred Van Valkenburg; Missoula County Attorney; Missoula,
Montana

Submitted on Briefs:  September 23, 2009

Decided:  October 21, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Randall Gobble (Gobble) appeals from the order of the Fourth Judicial District Court, Missoula County, denying his motion to withdraw a plea of *nolo contendere*. We affirm.

¶3    Gobble was arrested on August 13, 2007, and was charged with felony assault on a peace officer and misdemeanor disorderly conduct. Gobble faced a maximum of ten years in prison with a $50,000 fine for the assault charge, § 45-5-210(2)(a), MCA (2007), and a maximum of ten days in county jail with a $100 fine for the disorderly conduct charge, § 45-8-101(2), MCA.

¶4    The District Court set a final pretrial conference for April 3, 2008, at 10:30 a.m., and the trial for April 11, 2008. Negotiations ensued between the State and Gobble's attorney, but the two sides did not reach an agreement.

¶5    On the morning of April 3, 2008, shortly prior to the pretrial conference, Gobble directed his attorney to ask the State whether it would accept a plea of *nolo contendere* to the assault charge with a suspended sentence of three years. Gobble's attorney took the

2

proposal to the prosecutor, who stated that the terms were acceptable. Appearing for the pretrial conference, Gobble's attorney advised the court the parties had reached a plea agreement and asked that a change of plea hearing be scheduled for later that same day. During the intervening time, Gobble and his attorney discussed the contents of the plea agreement.

¶6 At the change of plea hearing, the District Court asked whether Gobble felt threatened or coerced to enter the plea. Gobble responded, "It's a little bit on the bit of the rush but I—I understand what's going on, Your Honor." The District Court responded, "I can give you more time if you want," to which Gobble replied, "No sir, Your Honor."

¶7 Gobble then filed a motion to withdraw the plea of *nolo contendere* on September 11, 2008. The District Court denied the motion. Gobble now appeals, arguing the plea of *nolo contendere* was involuntary and the District Court erred in denying the withdrawal of the plea.

¶8 A defendant may withdraw a plea of *nolo contendere* upon a showing of "good cause." Section 46-16-105(2), MCA. Entering a plea involuntarily is a basis for establishing good cause. *St. v. Brinson*, 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164. An involuntary plea arises if:

> [T]he court, the prosecutor, defense counsel, or some other party induced the plea by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes).

3

*Brinson*, ¶ 8 (citations omitted).

¶9 Considering the circumstances here, nothing suggests Gobble was induced by threats, misrepresentation, or improper promises. It was Gobble who initiated the plea negotiation, suggested the terms of the plea agreement, discussed the terms of the plea with his attorney, and declined the District Court's offer for more time at the change of plea hearing. Gobble argues that, while he believed he was innocent of the charges, a plea "offered the irresistible promise of immediate release from jail." However, at the time he initiated plea discussions, he was only one week away from trial, which would have provided the opportunity to gain his freedom by prevailing.

¶10 We have determined it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that Gobble's plea of *nolo contendere* was voluntary, and, therefore, no good cause exists to permit its withdrawal. The District Court's conclusions were correct.

¶11 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

4